PFISTER, Respondent, vs. GRATON & KNIGHT MANUFACTURING COMPANY, Intervener, Appellant.

*September 28 — October 22, 1897.*

*Partnership: Rights of creditors:* Res adjudicata.

A judgment obtained against a partnership by adversary proceedings, without collusion, is binding upon other creditors of the firm, and cannot be impeached by them as being based on an individual debt of one partner.

APPEAL from an order of the superior court of Milwaukee county: J. C. LUDWIG, Judge. *Affirmed.*

Plaintiff *Pfister* commenced an action in the superior court of Milwaukee county to recover from defendants, as copart-

ners, $47,000. Such proceedings were duly had in the action that the personal property of the defendants, located in the city of Milwaukee, was attached and thereafter sold for about $7,000. After such sale, judgment for plaintiff was entered by default for $41,833.44. The net proceeds of the sale aforesaid were applied in part payment of such judgment. Before judgment plaintiff garnished the First National Bank of Milwaukee. Such bank answered, admitting that it had on deposit, in the name of the defendants, $326.80, but that it was claimed by an assignee for the benefit of defendants' creditors, appointed in the state of Massachusetts. Plaintiff also garnished A. B. Caspari, who answered, admitting possession of property worth $406.40 which belonged to defendants, subject to the claim of the assignee, as in the first-mentioned garnishee proceeding.

The *Graton & Knight Manufacturing Company*, a foreign partnership creditor of defendants, obtained a judgment against them in an action in the superior court of Milwaukee county, June 25, 1896, for $3,268. An execution was issued on such judgment and returned unsatisfied. Before judgment, *Pfister*, the First National Bank of Milwaukee, and Caspari were severally garnished therein. *Pfister* answered, denying any liability as garnishee. Caspari and the bank answered the same as in the action by *Pfister*, and further set up the pendency of the first garnishee proceedings.

On the 21st day of March, Miller Cook, Jr., a foreign partnership creditor of the defendants, recovered judgment against them as such. In the action there were garnishee proceedings similar to those mentioned in the action by the *Graton & Knight Manufacturing Company*, and similar circumstances existed in the last as in the first mentioned garnishee proceeding.

Subsequent to all the occurrences above mentioned, the *Graton & Knight Manufacturing Company* filed a petition alleging the aforesaid facts; also that the principal defend-

ants were wholly insolvent, and that the recovery of the judgment by *Pfister*, of upward of $47,000, and the appli-cation of the proceeds of the sale of defendants' property thereon, as aforesaid, were fraudulent as to the partnership creditors of such defendants, because the partnership indebt-edness to *Pfister* did not exceed $1,000; that the balance of the judgment was for individual indebtedness of Frank W. Smith; and that *Pfister*, in taking his judgment, concealed the facts from the court. Upon such showing and support-ing affidavits, the petitioner asked to be made a defendant in the *Pfister* action, for the purpose of contesting his right to satisfy his judgment out of partnership funds in advance of the payment of the partnership indebtedness. *Pfister* answered the petition, alleging the justness of his claim as partnership indebtedness, that the superior court of Milwau-kee county had twice refused to allow his judgment to be attacked on a showing similar to that made in the petition, and that the action of such court in that regard had been affirmed by the supreme court. The answer was supported by affidavits.

The application of the petitioner was denied, and from the order entered accordingly this appeal was taken.

For the appellant there was a brief by *Elliott, Hickox & Groth*, and oral argument by *C. T. Hickox*.

For the respondent there was a brief by *Quarles, Spence & Quarles*, and oral argument by *George Lines*.

MARSHALL, J. The facts presented in support of the appli-cation of appellant for leave to intervene and attack the plaint-iff's judgment on the ground that it was entered for other than partnership indebtedness were all presented on the applica-tion of defendants to set aside their default and for leave to defend in the action. The latter application was denied by the lower court, and such denial was affirmed on appeal to this court. *Pfister v. Smith,* 95 Wis. 51. That necessarily

settled finally, as between plaintiff and the defendants, that the judgment is for partnership indebtedness and that plaintiff is entitled to satisfy it out of partnership funds. That is binding upon the proposed intervener, unless it has rights superior to the defendants themselves.

The nature of the rights of creditors of a partnership, in the partnership effects, was fully discussed, and the law in respect thereto definitely laid down, in *Thayer v. Humphrey*, 91 Wis. 276. It is not necessary to go over the subject again. Suffice it to say, generally, that whatever superior right partnership creditors have over individual creditors results from the equitable lien of the partners. Partners have such equitable lien upon the entire firm assets as security that such assets will be applied in discharge of the firm debts. So long as such lien exists the creditors may enforce it for their benefit. Whenever, without fraud, the lien is barred as to the partners, the right to enforce it as to creditors necessarily fails also, for creditors must work out their preferences through the equities of the partners; they have no equities for themselves alone. Lord ELDON, in *Ex parte Ruffin*, 6 Ves. 119, a leading case on the subject cited by all elementary writers, said, in effect: 'Creditors of a partnership have no lien upon the partnership assets. They may sue and create a demand that will attach to such effects, but standing alone they have no lien either at law or in equity. In all cases where, in the distribution of partnership assets, the partnership creditors are preferred, it is not through any equity of the creditors, but solely the equity of the partners with regard to each other, that operates to enforce the preference. The joint creditors must of necessity be paid first in order to do justice to the partners themselves.'

It follows logically from what has preceded that the appellant has no standing upon which to intervene and attack plaintiff's judgment. The proceedings on the part of plaintiff were adversary from the first. No collusion between him

and defendants is charged, to affect the *bona fides* of the transactions which resulted in the judgment. That stands, as to the defendants, unimpeached and unimpeachable as a partnership claim; hence it is likewise binding upon those who must depend upon the equities of the partners to establish a preference over other creditors.

*By the Court.*— The order appealed from is affirmed.